UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DARREN MAURICE KING,<br><br>                Petitioner,<br>    v.<br>STATE OF NEVADA, *et al.*,<br>                Respondents. | Case No. 3:20-cv-00449-MMD-CLB<br><br>ORDER |

Petitioner Darren King, a Nevada state inmate, has filed a *pro se* petition for writ of *habeas corpus* under 28 U.S.C. § 2254 (ECF No. 1-1 ("Petition")), an application to proceed *in forma pauperis* (ECF No. 1 ("IFP")), a motion for appointment of counsel (ECF No. 1-2), and a motion to demonstrate cause (ECF No. 1-3). This matter is before the Court for initial review under the Rules Governing Section 2254 Cases. For the reasons discussed below, the Court dismisses the Petition for lack of jurisdiction, denies the IFP application and motions, and directs the Clerk of Court to close this case.

Petitioner challenges a 1999 judgment of conviction entered in the Eighth Judicial District Court, Case No. 96C134803, pursuant to which Petitioner is still in custody.[1] Petitioner's motion to demonstrate cause acknowledges that Petitioner previously challenged this same judgment of conviction in this Court. (ECF No. 1-3 at 2.) An order and a judgment were entered in that action by this Court in September 2006 denying the petition with prejudice for failure to state a federal claim. *See King v. Neven*, Case No. 2:06-cv-00798-PMP-LRL, ECF Nos. 11, 12 (D. Nev. Sept. 2006). Petitioner appealed,

---

[1]The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, which may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do. According to state court records, no intervening judgment has been entered in Petitioner's criminal case.

1 and both this Court and the Ninth Circuit Court of Appeals declined to issue a certificate of appealability. *See id.* at ECF Nos. 18, 28.

The Petition in this action is second or successive because a prior federal petition was decided on its merits. *See id.* The Petition challenges the same judgment of conviction, and the claim Petitioner raises are based on facts that occurred before the prior petition. *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) ("[A] federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition challenges the same state court judgment as the initial petition."). Under 28 U.S.C. § 2244, before a second or successive petition is filed in the federal district court, a petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3). A federal district court does not have jurisdiction to entertain a successive petition absent such permission. *See Brown*, 889 F.3d at 667. Petitioner makes no allegation or showing that he has received authorization from the Ninth Circuit to file this Petition, nor do the Ninth Circuit's records reflect that Petitioner has sought to obtain any such authorization. The Petition must therefore be dismissed for lack of jurisdiction.[2]

It is therefore ordered that the Petition (ECF No. 1-1) is dismissed without prejudice for lack of jurisdiction.

It is further ordered that Petitioner's IFP application (ECF No. 1), motion for appointment of counsel (ECF No. 1-2), and motion to demonstrate cause (ECF No. 1-3) are denied as moot.

Petitioner is denied a certificate of appealability, as jurists of reason would not find the dismissal of the Petition on jurisdictional grounds to be debatable or wrong.

---

[2]The Court notes that the Petition is also untimely under 28 U.S.C. § 2244(d)(1), which provides a one-year statute of limitations for a state inmate to file a federal habeas petition. Petitioner's conviction became final on September 7, 2000, after the Nevada Supreme Court denied petitions for rehearing and the time expired for filing a petition for writ of *certiorari* with the United States Supreme Court. Accordingly, absent a basis for tolling or delayed accrual, the limitations period expired 365 days later on September 8, 2001, and the Petition—filed nearly 20 years later—is facially untimely.

The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents. No response is required from Respondents other than to respond to any orders of a reviewing court.

Under Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court is further directed to file the Petition (ECF No. 1-1) and informally serve the Nevada Attorney General with the Petition and this order by sending a notice of electronic filing to the Nevada Attorney General's office.

The Clerk of Court is further directed to enter final judgment accordingly, dismissing this action without prejudice, and close this case.

DATED THIS 28th Day of December 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE